UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LURA WILLIAMS, SR.,**
**WORLD WIDE REVIVAL, INC.,**

    **Plaintiffs,**

-vs-                   **Case No. 6:07-cv-633-Orl-19KRS**

**TOWN OF EATONVILLE,**
**EATONVILLE POLICE DEPARTMENT,**

    **Defendants.**

## ORDER

This case comes before the Court on Defendant Town of Eatonville's Motion To Strike Plaintiffs' Response To Defendant's Affirmative Defenses. (Doc. No. 27, filed Aug. 31, 2007.) Plaintiffs Lura Williams, Sr. and World Wide Revival, Inc. have not filed a Response.[1]

**Background**

Plaintiffs Lura Williams, Sr. and World Wide Revival, Inc. filed a Complaint against Defendants Town of Eatonville and the Eatonville Police Department, alleging unlawful conversion (Count 1) and, under Section 1983, a denial of due process (Count 2). (Doc. No. 2 at pp. 4-6, ¶¶ 23-34, filed Apr. 19, 2007.) Defendants filed an Answer which included eleven affirmative defenses. (Doc. No. 4, filed Apr. 19, 2007.) The Eatonville Police Department has since been dismissed as an improper party. (Doc. No. 11, filed May 25, 2007.) On August 17, 2007, Plaintiffs filed a Response To Defendant's Affirmative Defenses. (Doc. No. 23, filed Aug. 17, 2007.) Defendant

---

[1] Failure to oppose a motion raises an inference that the party does not object to such motion. *See, e.g.*, *Freshwater v. Shiver*, No. 6:05-cv-756, 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005).

moves the Court to strike this Response as a violation of Federal Rule of Civil Procedure 7(a). (Doc. No. 27, filed Aug. 31, 2007.)

## Analysis

Federal Rule of Civil Procedure 7(a) provides a list of appropriate pleadings. Rule 7(a) states:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.

The Rule states further: "No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." Thus, in federal practice, a response to an answer is improper unless ordered by the Court. *E.g.*, *Hill v. Thalacker*, No. 04-C-732-C, 2005 WL 752225, at *1 (W.D. Wis. Mar. 29, 2005); *Barnes v. Barnes*, No. 1:03-CV-231-C, 2004 WL 769366, at *1 (N.D. Tex. Apr. 9, 2004).

This Court has not ordered any response to Defendant's affirmative defenses. Accordingly, Plaintiffs' Response is improper and disallowed by Rule 7(a). The Court must therefore grant Defendant's Motion to strike Plaintiff's Response.

**Conclusion**

Based on the foregoing, the Court **GRANTS** Defendant's Motion (Doc. No. 27) to strike Plaintiff's Response (Doc. No. 23).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September 25, 2007.

```
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT
```

Copies furnished to:

Counsel of Record